FILED
2023 Nov-07  PM 03:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| BROADCAST MUSIC, INC.; LINDSEYANNE MUSIC CO. INC.; THE MUSIC FORCE; EMI LONGITUDE MUSIC; TERMONTI STAPP MUSIC; RESERVOIR 416 a/k/a RESERVOIR ONE AMERICA; TOKECO TUNES; SONY/ATV SONGS, LLC; CHICAGO X SOFTCORE SONGS; BMG PLATINUM SONGS (US); R AND R NOMAD PUBLISHING COMPANY, a division of R & R NOMAD PUBLISHING CO., LLC; 4U2ASKY ENTERTAINMENT INC., | CIVIL ACTION NO.: **COMPLAINT** |
| Plaintiffs, | |
| v. | |
| GHOST TRAIN BREWING COMPANY, INC dba GHOST TRAIN BREWING; and DAVID T. DEBOER, each individually, | |
| Defendants. | |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

<u>JURISDICTION AND VENUE</u>

1.    This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act").   This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3.      Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

6.      Plaintiff Lindseyanne Music Co., Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

7.      Plaintiff The Music Force is a sole proprietorship owned by Henry Grumpo Marx. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8.      Plaintiff EMI Consortium Songs, Inc. is a corporation d/b/a EMI Longitude Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9.      Plaintiff Tremonti Stapp Music is a partnership owned by Scott A. Stapp and Mark T. Tremonti.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

10.     Plaintiff Reservoir Media Management Inc. is a corporation d/b/a Reservoir 416 a/k/a Reservoir One America.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

11.     Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby K. Covel.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

12.     Plaintiff Sony/ATV Songs, LLC is a limited liability company.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

13.     Plaintiff Fall Out Boy, Inc. is a corporation d/b/a Chicago X Softcore Songs.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

14.     Plaintiff BMG Rights Management (US), LLC is a limited liability company d/b/a BMG Platinum Songs (US).  This Plaintiff is a copyright owner of at least one of the songs in this matter.

15.     Plaintiff R and R Nomad Publishing Company, a division of R & R Nomad Publishing Co., LLC is a limited liability company.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

16.     Plaintiff 4U2asky Entertainment, Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

17.     Defendant Ghost Train Brewing Company, Inc. is a corporation organized and existing under the laws of the state of Alabama, which operates, maintains and controls an establishment known as Ghost Train Brewing, located at 3501 1st Ave., South, Birmingham, AL 35222, in this district (the "Establishment").

18.     In connection with the operation of the Establishment, Defendant Ghost Train Brewing Company, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

19.     Defendant Ghost Train Brewing Company, Inc. has a direct financial interest in the Establishment.

20.     Defendant David T. Deboer is a director of Defendant Ghost Train Brewing Company, Inc. with responsibility for the operation and management of that corporation and the Establishment.

21.     Defendant David T. Deboer has the right and ability to supervise the activities of Defendant Ghost Train Brewing Company, Inc. and a direct financial interest in that corporation and the Establishment.

<u>CLAIMS OF COPYRIGHT INFRINGEMENT</u>

22.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 21.

23.     Since June 2022, BMI has reached out to Defendants over fifteen (15) times, by phone, mail, and email in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

24.     Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.

All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

25.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

26.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

27.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

28.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition

identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

29.    For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

30.    The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)    Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.


Dated: November 7, 2023                              **JAMES P. PEWITT, LLC**


                                                     */s/ James P. Pewitt.*
                                                     **James P. Pewitt, Esq.**
                                                     2 North Twentieth
                                                     2 20th Street North, Suite 925
                                                     Birmingham, AL 35203
                                                     Email: jim@jamespewitt.com
                                                     Phone: (205) 874-6686


                                                     *Attorney(s) for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | What You Won't Do For Love |
| Line 3 | Writer(s) | Robert Hunter Caldwell a/k/a Bobby Caldwell; Alfons Kettner |
| Line 4 | Publisher Plaintiff(s) | Lindseyanne Music Co., Inc.; Henry Grumpo Marx, an individual d/b/a The Music Force; EMI Consortium Songs, Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 6/30/78    1/8/79 |
| Line 6 | Registration No(s). | PA 19-018    PA 24-570 |
| Line 7 | Date(s) of Infringement | 5/18/2023 |
| Line 8 | Place of Infringement | Ghost Train Brewing |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | My Sacrifice |
| Line 3 | Writer(s) | Scott Stapp; Mark Tremonti |
| Line 4 | Publisher Plaintiff(s) | Scott A. Stapp and Mark T. Tremonti, a partnership d/b/a Tremonti Stapp Music; Reservoir Media Management Inc. d/b/a Reservoir 416 a/k/a Reservoir One America |
| Line 5 | Date(s) of Registration | 2/22/02 |
| Line 6 | Registration No(s). | PA 1-118-316 |
| Line 7 | Date(s) of Infringement | 5/18/2023 |
| Line 8 | Place of Infringement | Ghost Train Brewing |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Courtesy Of The Red, White and Blue (The Angry American) |
| Line 3 | Writer(s) | Toby Keith Covel |
| Line 4 | Publisher Plaintiff(s) | Toby Keith Covel, an individual d/b/a Tokeco Tunes |
| Line 5 | Date(s) of Registration | 8/9/02        8/9/02 |
| Line 6 | Registration No(s). | PA 847-133    PA 847-121 |
| Line 7 | Date(s) of Infringement | 5/18/2023 |
| Line 8 | Place of Infringement | Ghost Train Brewing |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Thnks Fr Th Mmrs |
| Line 3 | Writer(s) | Andy Hurley; Joe Trohman; Patrick Stump; Pete Wentz |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; Fall Out Boy, Inc. d/b/a Chicago X Softcore Songs |
| Line 5 | Date(s) of Registration | 7/2/07 |
| Line 6 | Registration No(s). | PA 1-387-098 |
| Line 7 | Date(s) of Infringement | 5/18/2023 |
| Line 8 | Place of Infringement | Ghost Train Brewing |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Bulletproof |
| Line 3 | Writer(s) | Eleanor Jackson; Benedict Langmaid |
| Line 4 | Publisher Plaintiff(s) | BMG Rights Management (US) LLC d/b/a BMG Platinum Songs (US) |
| Line 5 | Date(s) of Registration | 5/17/10 |
| Line 6 | Registration No(s). | PA 1-684-808 |
| Line 7 | Date(s) of Infringement | 5/18/2023 |
| Line 8 | Place of Infringement | Ghost Train Brewing |

| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Ain't No Rest For The Wicked |
| Line 3 | Writer(s) | Matthew Shultz; Donald Shultz; Daniel Tichenor; Jared Champion; Lincoln Parish |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; R and R Nomad Publishing Company, a division of R & R Nomad Publishing Co. LLC; 4U2asky Entertainment Inc. |
| Line 5 | Date(s) of Registration | 9/2/08 |
| Line 6 | Registration No(s). | PA 1-608-399 |
| Line 7 | Date(s) of Infringement | 5/18/2023 |
| Line 8 | Place of Infringement | Ghost Train Brewing |